**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

LUCIA MARIA JOSE,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.    19-70500

Agency No. A209-389-597

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 4, 2021
Pasadena, California

Before:  WARDLAW and GOULD, Circuit Judges, and DONATO,[**] District
Judge.

Lucia Maria Jose, a native and citizen of Mozambique, petitions for review

of the Board of Immigration Appeals' (BIA) dismissal of her appeal of an

Immigration Judge's (IJ) denial of her application for asylum, withholding of

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable James Donato, United States District Judge for the
Northern District of California, sitting by designation.

removal, and protection under the Convention Against Torture (CAT). We have jurisdiction under section 242 of the Immigration and Nationality Act, 8 U.S.C. § 1252. We deny the petition.

1.    Substantial evidence supports the BIA's determination that the Government met its burden of rebutting the presumption of future persecution arising from the IJ's finding that Jose suffered past persecution at the hands of her parents and the local Muslim community due to her conversion to Christianity. The Government demonstrated that there had been a fundamental change in circumstances since Jose endured public shaming instigated by her Muslim parents in 2000, when she was 14. Both parents have been deceased since 2013. And before they passed, according to Jose, she became friends with them and "resolved their differences." Further, though Jose remained in Mozambique through 2016, there is no evidence that she suffered any religion-related harm from 2013 to 2016. As for her local community, Jose testified that "everything is ok" with her congregation and that she would not be harmed in the future because of her religion. Jose's reliance on *Muhur v. Ashcroft*, 355 F.3d 958 (7th Cir. 2004) is thus misplaced, as her admission that she does not fear future persecution on the basis of religion did not rest on her concealing her religious beliefs. *See* 355 F.3d at 960–61.

Substantial evidence supports the BIA's finding that Jose failed to demonstrate a nexus between Fernando's attempt to kill her and subsequent harassment and her religion. Jose testified she did not know why Fernando was after her and "to this day" she does not "have any clue." Asylum applicants must offer "some evidence" of a persecutor's motive. *INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992). Rather, the record indicates that Fernando did not attempt to kill her because of her religious beliefs, but that he was contracted to kill her, and "just doing his job."

Similarly, Jose's assertions that she was sexually assaulted by two older neighborhood boys following her public shaming, that she received menacing calls for several years, and that she was the victim of home break-ins that worsened after her parents' deaths, bear no nexus to her Christian faith. Thus, to the extent that these acts rise to the level of persecution, Jose failed to demonstrate that her religion is the "one central reason" or even part of the reason motivating these acts. *See Barajas-Romero v. Lynch*, 846 F.3d 351, 359–60 (9th Cir. 2017).

Because Jose failed to meet the lesser burden of establishing eligibility for asylum, she necessarily failed to meet the more stringent "clear probability"

standard for withholding of removal.[1] *Navas v. INS*, 217 F.3d 646, 663 (9th Cir. 2000).

2.      The BIA did not err in concluding that Jose's due process rights were not violated by the stipulated agreement to follow the procedures set forth in *Grava v. INS*, 205 F.3d 1177 (9th Cir. 2000), and by reliance on her revised declaration, rather than taking her oral testimony.  It was Jose's own counsel who stipulated to the *Grava* procedures in exchange for deeming Jose's testimony credible, and Jose has failed to raise an ineffective assistance of counsel claim at any point in these lengthy proceedings.  Nor has she complied with the procedural requirements for doing so.  *See Matter of Lozada*, 19 I. & N. Dec. 637, 639 (BIA 1988).

In *Grava*, we held that an "applicant need not testify on his or her own behalf . . . and may rest on the application alone, subject to INS examination at the hearing." *Grava*, 205 F.3d at 1180.  Here, the IJ properly asked Jose to verify that her application was complete and correct.  Though at one point the IJ remarked that Jose "seemed confused," the IJ subsequently explained the verification process, and repeatedly questioned Jose as to whether her application was "true and correct and up-to-date."  This stands in stark contrast to the proceeding in

---

[1] Jose waived review of her claim for CAT protection by failing to discuss it in her opening brief.  Although Jose referred to the claim in the statement of facts section of her brief, "an issue referred to in the appellant's statement of the case but not discussed in the body of the opening brief is deemed waived." *Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996).

*Colmenar v. INS*, 210 F.3d 967 (9th Cir. 2000), where the IJ began the hearing by announcing "he had already judged Colmenar's claim," and precluded Colmenar from testifying about who had "thrown the Molotov cocktail at him" or "about anything that was included in his written application." 210 F.3d at 971.

**DENIED.**